UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BOBBY DAY AND JERADO "JERRY" SALINAS<br><br>VERSUS<br><br>WESTERN WORLD INSURANCE COMPANY, JOHNNIE W. ROBERTSON, STEVEN B. HAYES, ALMA PLANTATION, L.L.C., HAYES HAULING, L.L.C., NATIONAL LIABILITY & FIRE INSURANCE COMPANY AND EVEREST NATIONAL INSURANCE COMPANY | CIVIL ACTION<br><br>NO. 3:14-cv-00348<br><br>JUDGE BRIAN A. JACKSON<br><br>MAGISTRATE JUDGE STEPHEN C. RIEDLINGER |

**AMENDED NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes defendant, Everest National Insurance Company (hereinafter "Everest) who respectfully files this Amended Notice of Removal based on the following:

1.

On or about February 5, 2010, plaintiffs, Bobby Day and Jerado "Jerry" Salinas (hereinafter "plaintiffs"), filed their original Petition for Damages against Western World Insurance Company, Johnnie W. Robertson and Steven B. Hayes in 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, in the matter entitled *Bobby Day and Jerado "Jerry" Salinas v. Western World Insurance Company et al.*, Docket No. 587-265.

2.

Removal was not permitted at that time due to defendants Robertson and Hayes's

Louisiana domiciles.

3.

Thereafter, on October 26, 2010, plaintiffs filed their Supplemental and Amended Petition for Damages, naming Alma Plantation L.L.C. and Hayes Hauling, L.L.C., two Louisiana limited liability companies, as additional defendants.

4.

On April 8, 2014, plaintiffs filed a Second Supplemental and Amended Petition adding National Liability & Fire Insurance Company (hereinafter "National"), a foreign insurer, as a defendant.

5.

On or about April 15, 2014, plaintiffs reached a "*Gasquet*" settlement with Johnnie Robertson, Steven B. Hayes, Alma Plantation L.L.C. and Hayes Hauling, L.L.C.

6.

On April 21, 2014, plaintiffs filed a Third Supplemental and Amended Petition, adding Everest, another foreign insurer, as a defendant.  In seeking leave to file the Third Supplemental and Amending Petition, plaintiff counsel pleaded that "A tentative *Gasquet* settlement was reached at mediation, under which the primary insurer settled, with a reservation of rights against all other insurers and against the insured, Alma Plantation LLC *to the extent necessary to preserve rights against the other insurers*." (Emphasis added).

7.

By virtue of plaintiffs' *Gasquet settlement*, Everest and National remain as the only defendant *parties-in-interest*; and both are diverse from plaintiffs for jurisdictional and

removal purposes. Everest is citizen of Delaware, with its principal place of business in Liberty Corner, New Jersey; and National is a citizen of Nebraska, with its principals place of business in Omaha, Nebraska.

8.

The plaintiffs settlement by with the non-diverse defendants in this matter renders this case removable at this time. *Vasquez v. Alto Bonito Gravel Plant Corp.,* 56 F.3d689, 693-94 (5th Cir. 1995); and defendants who have settled are considered nominal parties who are no longer effectively parties-in-interest to the case for removal purposes. *Taco Tico of New Orleans, Inc. v. Argonaut Great Central Ins. Co.,* No. 09-3502, 2009 WL 2160436at p. 2 (E.D. La. 2009) (*internal citation and quotation omitted*); *Hargrove v. Bridgestone/Firestone N. Am. Tire, LLC,* No. 10-0318, 2012 WL 692410, at p. (W.D. La. 2012).

9.

The alleged vehicular accident that is the subject of said suit took place in West Baton Rouge Parish, Louisiana on or about October 28, 2009.

10.

As reflected in their original and supplemental and amended Petitions, plaintiffs are residents and domiciliaries of Kemp (Kaufman County), Texas, and Grapevine (Tarrant, Dallas and/or Denton Counties),Texas.

11.

There is complete diversity of citizenship between plaintiffs and the remaining viable defendants, Everest and National, since the plaintiffs' settlement with the non-diverse defendants.

12.

Everest was served with the aforesaid civil suit on or about May 7, 2014, *via* the Louisiana Long Arm Statute, which was its first receipt of a copy of any pleadings in this matter.

13.

Louisiana Code of Civil Procedure Article 893 prohibits the pleading of specific monetary damages, but plaintiffs has alleged serious injuries and claims substantial damages as a result of the incident in suit and have, in fact, reached a settlement with other defendants in this case for amounts well in excess of this Court's jurisdictional threshold. Morever, the plaintiffs' remaining claims are against one or more of the previously settling defendants *excess insurers*, Everest and National, which would clearly establish that the minimum amount in dispute satisfies this Court's jurisdictional requirements.

14.

This suit is an action of which this Court has original jurisdiction under the provisions of 28 USC §1332 and is removable under the provisions of 28 USC §1441, in that it is a civil action wherein the matter in controversy is between citizens of different states.

15.

Although more than one year has passed since the filing of the plaintiffs' original Petition, the 1 year time period set forth in 28 U.S.C. 1446(b) for removing a case that was not previously removable is not an absolute or inflexible constraint to removal based on diversity jurisdiction. *Tedford v. Warner-Lambert Co.,* 327 F.3d 423 (5th Cir. 2003*); New*

*York Life Ins. Co. v. Deshotel,* 142 F.3d 873 (5th Cir. 1998).

16.

Removal herein is timely under the circumstances of this case and based on the timing of the settlement and/or effective dismissal of all non-diverse defendants and the addition of Everest (within the last 30 days) and the existence of only the remainder of diverse parties at this time.

17.

Everest has obtained the consent of co-defendant, National, for this removal.

18.

A copy of this Notice of Removal is being served on plaintiffs, through their counsel of record; and a copy of said Notice of Removal will be filed promptly with the Clerk of Court for 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

19.

Accompanying this Notice of Removal and annexed hereto as Exhibit "A" is a copy of plaintiff's original and all supplemental and amended Petitions for Damages. A complete copy of the state court record has been requested and will be filed herein accordingly.

20.

Everest expressly reserves any and all defenses, whether in law or in fact, including but not limited to lack of jurisdiction, improper venue, insufficiency of service of process, prescription, laches and failure to state a claim or cause of action upon which relief can be granted.

**WHEREFORE**, defendant, Everest National Insurance Company, prays that this Court recognize and exercise its jurisdiction over the said suit, and that the said suit be removed to this Court for further proceedings.

> Respectfully submitted,
>
> **s/André J. Mouledoux**
> ANDRÉ J. MOULEDOUX (LA Bar #9778)
> DANIEL J. HOERNER (LA Bar #21706)
> ADAM P. SANDERSON (LA Bar #31312)
> MOULEDOUX, BLAND, LEGRAND & BRACKETT, L.L.C.
> 701 Poydras Street, Suite 4250
> New Orleans, LA 70139
> Telephone: (504) 595-3000
> Facsimile:  (504) 522-2121
> Attorneys for Defendant, Everest National Insurance Company,

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None

**s/André J. Mouledoux**