UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


BOBBY DAY, ET AL

VERSUS

EVEREST NATIONAL INSURANCE
COMPANY, ET AL

CIVIL ACTION

NUMBER 14-348-BAJ-SCR


**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, July 21, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


BOBBY DAY, ET AL

VERSUS

EVEREST NATIONAL INSURANCE
COMPANY, ET AL

CIVIL ACTION

NUMBER 14-348-BAJ-SCR


**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Bobby Day and Jerado Salias. Record document number 4. The motion is opposed.[1]

For the reasons which follow, the plaintiffs' Motion to Remand should be granted.

**Background**

Plaintiffs, who are Texas citizens, filed a Petition for Damages (hereafter, "Petition") in state court on February 5, 2010 alleging state law negligence claims as the basis for recovery of damages they suffered in a tractor-trailer accident that occurred

---

[1] Record document number 7, Memorandum in Opposition to Motion to Remand filed by defendant Everest National Insurance Company; record document number 8, Memorandum in Opposition to Motion to Remand filed by National Liability and Fire Insurance Company. Plaintiffs also filed a reply memorandum. Record document number 11. National Liability and Fire Insurance Company filed a sur-reply memorandum. Record document number 14.

on October 28, 2009.[2]  Plaintiffs named as defendants the Western World Insurance Company, Johnnie W. Robertson, and Steven R. Hayes. Plaintiffs alleged that Robertson was the negligent driver of the other tractor-trailer involved in the accident, that Hayes was Robertson's employer, and they were both insured under a liability policy issued by Western World.  On October 28, 2010 the plaintiffs filed a Supplemental and Amended Petition for Damages naming two new defendants - Alma Plantation, L.L.C. and Hayes Hauling, L.L.C.[3] Plaintiffs alleged that Alma Plantation was the owner of the trailer and Hayes Hauling was the owner of the tractor being operated by Robertson. Plaintiff claimed they were vicariously liable for the negligence of Robertson, and also negligent for entrusting Robertson with the use of the tractor-trailer, and requiring Robertson to drive under dangerous conditions.

The case proceeded in state court and was set for trial on June 16, 2014.  On April 8, 2014 the plaintiffs filed a Second Supplemental and Amended Petition for Damages.[4]  In this petition the plaintiffs added excess liability insurer National Liability & Fire Insurance Company (hereafter, "National Liability"). Plaintiffs alleged that its policy provided liability insurance

---

[2] Record document number 1-1, Petition filed February 5, 2010.

[3] *Id.*, p. 4, Supplemental and Amended Petition for Damages.

[4] *Id.,* p. 8, Second Supplemental and Amended Petition for Damages.

3

coverage for the defendants named in the earlier petitions - Robertson, Hayes, Alma Plantation and Hayes Hauling. One week later on April 21, 2014 the plaintiffs filed their Third Supplemental and Amended Petition for Damages, and named as a defendant another excess liability insurer, Everest National Insurance Company (hereafter, "Everest National"), which allegedly had a policy covering Alma Plantation.

Everest National filed a Notice of Removal on June 3, 2014.[5] Everest National set out the history of the plaintiffs' state court pleadings and stated that removal was not permitted earlier because defendants Robertson and Hayes were domiciled in Louisiana.[6] However, Everest National alleged that on April 15, 2014 the plaintiffs reached a *Gasquet* settlement with Louisiana defendants Robertson, Hayes, Alma Plantation and Hayes Hauling. According to Everest National, this settlement made the case removable, because these settling defendants were now nominal parties whose presence did not prevent removal, and the remaining defendants were both diverse from the plaintiffs. Everest National alleged it is a citizen of Delaware and New Jersey, and defendant National Liability is a citizen of Nebraska.[7] With regard to the timing of

---

[5] National Liability consented to the removal. Record document number 2.

[6] Record document number 1, Notice of Removal, ¶ 2.

[7] *Id.,* ¶¶ 5-11.

the removal, Everest National alleged that although more than one year has passed since the filing of the original Petition, the one year period for removing a case not initially removable should not be applied based on *Tedford v. Warner-Lambert Co.*[8]

Two days after Everest National removed the case the plaintiffs filed their Motion to Remand. Plaintiffs argued there are several grounds which require this case be remanded to state court. Plaintiffs made the following arguments related to the status of the defendants: (1) even after the partial settlement, the Louisiana defendants remain in the case in order for their fault to be determined at trial,[9] therefore, the case still cannot be removed under 28 U.S.C. § 1441(b)(2); and (2) even if the Louisiana defendants are considered no longer in the case, the plaintiffs claims against the removing liability insurers would be a direct action against them, they would take on the Louisiana citizenship of their insured, and therefore they cannot remove the case under § 1441(b)(2). With regard to the timeliness of the removal, the plaintiffs argued that because the case was not initially removable based on the presence of in-state defendants, under 28 U.S.C. § 1446(c)(1) the one year time limit prevented Everest National or National Liability from removing the case more

---

[8] 327 F.3d 423 (5th Cir. 2003).

[9] Plaintiffs stated that no dismissals of any defendants have been filed in the pleadings. Record document number 4-1, Memorandum in Support, p. 3.

than four years after it was commenced in state court.  Plaintiffs also argued that the removal was defective because Alma Plantation did not consent to the removal within 30 days of service on defendant Everest National.

Defendants Everest National and National Liability filed three memoranda opposing the plaintiffs' Motion to Remand.  According to the defendants, the removal was proper and timely because: (1) the Louisiana defendants who have a *Gasquet* settlement with the plaintiffs are now nominal parties whose citizenship should be disregarded for the purpose of determining whether the case can be removed, and the only remaining viable claims are between diverse parties; (2) 28 U.S.C. § 1332(c)(1) should not be applied to impute the citizenship of the insureds to the excess liability insurers because the insured defendants were originally parties to the suit; (3) the one year time limit for removal under § 1446(c)(1) should not prevent removal in this case based on the equitable exception set forth in *Tedford*; and, (4) the plaintiffs waived the right to remand the case by participating in the case after removal.  In a sur-reply memorandum National Liability argued that the settlement with the original defendants ended the justiciable controversy before the second and third amended petitions adding Everest National and National Liability were filed.  Therefore, the second and third amended petitions were effectively new actions, which were removed less than one year after they were filed.

6

**Applicable Law**

Under the current version of § 1446(b), which became effective January 6, 2012, the time limits for filing the notice of removal are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> ...
>
> (3) Except as provided in subsection ©), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Therefore, under § 1446(b)(3) a case that is not initially removable can become removable pursuant to a voluntary act of the plaintiff. *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967). The amended pleading, motion, order or other paper that initiates the right to remove under this paragraph must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which support federal jurisdiction. *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000).

However, a case may not be removed under § 1446(b)(3) on the

7

basis of diversity jurisdiction, "more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent the defendant from removing the action." 28 U.S.C. § 1446(c)(1). Under both Louisiana and federal law an action commences when it is filed. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 885 (5th Cir. 1998).[10]

Section 1446(c)(1) is an amendment to the general removal statute that encompasses the previously recognized bad faith exception to the one year time limitation. Under the exception that is now included in the statute, a case may be removed more than one year after commencement of the action if the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. *Id.; Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). In *Tedford,* the Fifth Circuit addressed whether the statute's one year limit on removal was absolute or subject to equitable exception. The court concluded that § 1446(b) was not inflexible and that the conduct of the parties may affect whether it is equitable to strictly apply the one year limitation on removal. Thus, under circumstances which indicate that a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity

---

[10] Rule 3, Fed.R.Civ.P.; LSA-C.C.P. Art. 421.

may require that the one year limit be extended. *Tedford,* 327 F.3d at 426-29.

Because the current version of the statute was not in effect when the plaintiffs filed their suit in state court in 2010, *Tedford* rather than the statutory exception applies. *Jones v. Shaner SPE Assoc.*, 2012 WL 1609884, 1-2 (W.D.La. May 7, 2012).[11] However, whether under *Tedford* or the statute, the legal standards to be applied are the same because the 2011 amendments to the federal jurisdiction statutes simply codified the long recognized jurisprudential equitable-tolling exception to the one-year deadline. *Id; Carey v. Allstate Ins. Co.*, 2013 WL 5970487, 3 (W.D.La. Nov. 7, 2013).

## Analysis

**Waiver**

Defendants argued that the plaintiffs waived the right to seek remand by conducting discovery in this court before they filed their Motion to Remand. In support of this argument the defendants cited some Fifth Circuit cases and submitted an exhibit showing that on June 4, 2014, one day after the case was removed, the plaintiffs conducted a trial deposition of a treating physician.[12] Plaintiffs responded that the previously scheduled deposition was

---

[11] *See*, Pub.L. No. 112-63 § 105(d).

[12] Record document number 8, pp. 1-3; record document number 8-1, Exhibit A.

9

taken to preserve the trial date in the event the case was remanded. Plaintiffs noted that their remand motion was filed within the 30 days provided under 28 U.S.C. § 1447(c).[13] Plaintiffs also noted that the federal court caption for the updated deposition notice was used merely to comply with defense counsel's request, and to be consistent with the fact that the case had been removed. Plaintiffs argued that these actions cannot be interpreted as a waiver of their right to seek a remand to state court.

Plaintiffs' arguments are persuasive. None of the cases cited by the defendants are in any way similar to the circumstances present in this case. Plaintiffs did not delay in moving to remand, filing their motion only two days after the removal. The trial deposition taken one day after removal was already scheduled, the deposition could be used in what ever forum the case proceeded, and cancelling/delaying it would not be an efficient use of the parties' time and resources. The federal court caption was proper and merely acknowledged the fact of removal. These circumstances do not in any way support a reasonable inference that the plaintiffs waived the right to seek a remand.

---

[13] The relevant portion of this rule states that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

**One Year Limitation on Removal**

It is undisputed that when this case commenced in state court on February 5, 2010 there was complete diversity of citizenship. However, because defendants Robertson and Hayes were domiciled in Louisiana the case was not removable based on 28 U.S.C. § 1441(b)(2).[14] Plaintiffs maintained and pursued their claims against these in-state defendants at least until the *Gasquet* settlement in April 2014. This was more than four years after the case was commenced in state court. Even if the defendants are correct regarding the status of the defendants involved in the *Gasquet* settlement and how their citizenship should be treated under § 1332(c)(1), the removal is untimely unless the one year limitation on removal in § 1446(c)(1) does not apply.

Defendants argued that the circumstances of this case warrant application of the *Tedford* bad faith exception. Defendants argued bad faith is demonstrated by the plaintiffs pursuing their claims against individuals and their primary insurers for four years, and then waiting to assert the new excess insurer claims until after the original claims were settled and only a few months before the state court trial date. According to the defendants, this shows that the plaintiffs timed filing their new claims so that the

---

[14] The statute states, in relevant part, that a case which is otherwise removable solely on the basis of diversity jurisdiction, "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

defendants would not have sufficient time to prepare for trial. Defendants asserted that this is a "prime example of the justification for the equitable exception of the one year time limit under 28 U.S.C. § 1446."[15]

Defendants failed to establish bad faith within the meaning of § 1446(c)(2). The plain words of the statute require that the bad faith conduct be for the purpose of preventing a removal. Defendants asserted that the plaintiffs timed their late amendments with the intention of not giving them enough time to prepare for trial. Defendants did not assert that the purpose and timing of the amendments was to prevent them from removing the case. Nor did the defendants cite any authority supporting the proposition that these circumstances could support a finding of bad faith under § 1446(c)(2). Furthermore, the defendants did not explain how adding them to the case earlier, before the settlement, would have given them the opportunity to timely file a Notice of Removal. So long as the plaintiffs had a pending state court suit alleging viable claims against the in-state defendants, Everest National and National Liability could not have removed the case whether they were added before or after one year from commencement of the state court suit.[16]

---

[15] Record document number 7, Memorandum in Opposition, p. 10.

[16] Defendants claimed that adding them as defendants after the settlement made the case removable. As the plaintiffs pointed out, this argument is inconsistent with the defendants' argument that

12

Defendants also argued that the removal did not violate the one year limitation because the amendments filed after the settlement effectively commenced new actions, which they removed within one year of the date the amended pleadings were filed. This argument is also unpersuasive. Defendants cited cases that explain justiciability in the context of declaratory judgments and settlements, but they did not cite any authority which indicates that amended pleadings adding new defendants that are filed after a settlement are considered as commencing a new action under state law.[17]

The removal was more than one year after the commencement of the action in state court. Everest National and National Liability have not established that the plaintiffs acted in bad faith to prevent the defendants from timely removing the case. Therefore, the plaintiffs' Motion to Remand should be granted.[18]

---

the plaintiffs acted in bad faith to prevent removal by waiting until then to add the claims against them in the amended petitions. Record document number 11, p. 2-3.

[17] Defendants also cited nothing to show that bringing the claims against them in this manner was an improper manipulation or violation of state procedural rules. Nor did the defendants indicate that they sought an order requiring the plaintiffs to assert their new claims in a new suit rather than an amended petition.

[18] Because the defendants did not show that the case was removed within one year of when it was commenced or establish the bad faith exception to the one year rule, it is not necessary to address any of the parties' remaining arguments.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiffs' Motion to Remand be granted.

Baton Rouge, Louisiana, July 21, 2014.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE